IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CEDRIC ALAN HERBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-093 |
| | ) | |
| MARK MARCUM, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.     Procedural History**

In an Order dated July 1, 2024, the Court directed Plaintiff to submit a new motion to proceed IFP, or pay the full filing fee, within twenty-one days because he had provided inconsistent or incomplete answers on his original IFP motion. (See doc. no. 7, pp. 1-3.) The Court also directed Plaintiff to submit an amended complaint because the allegations in the original complaint amounted to little more than "unadorned, the-defendant-unlawfully-harmed-me accusations," and Plaintiff repeatedly stated in conclusory fashion that he experienced unlawful actions and procedural violations without providing any details. (See id. at 3-4.)

The Court provided Plaintiff with a blank IFP motion and complaint form.  (See doc. nos. 7-1, 7-2.).  The Court likewise provided specific instructions regarding the information that must be included in the new IFP motion, (doc. no. 7, p. 2), as well as specific instructions for amending the complaint, (see id. at 5-6.)  The Court also cautioned Plaintiff that failing to timely submit a new IFP motion, or full filing fee, as well as an amended complaint, would result in a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action.  (See id. at 6.)

Plaintiff's amended complaint and renewed IFP motion were received and docketed by the Clerk of Court on July 30, 2024.  (Doc. nos. 8, 9.)  Although the Court does not condone Plaintiff's failure to meet the filing deadline, it nevertheless will accept and review Plaintiff's filings.  Plaintiff is cautioned that even though he is a *pro se* litigant, he is required to follow the applicable law and court rules, including filing deadlines, and he should not expect the Court to excuse any future failures to timely and properly comply with Court orders and deadlines.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## II.     Screening the Amended Complaint

### A.     Background

Plaintiff names Mark Marcum, an officer with the Jefferson County Sheriff's Office, as the sole Defendant.  (Doc. no. 8, pp. 1, 6, 10-11.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On February 20, 2024, Defendant Marcum provided knowingly false statements, under oath, during a trial concerning the issuance of a traffic citation to Plaintiff in August 2023.  (Id. at 6, 13.)  In particular, "Officer Marcum falsely testified that [Plaintiff] was

2

given an opportunity to verify the radar device's accuracy before the ticket was issued, and that [Plaintiff] refused this opportunity." (Id. at 2.) Plaintiff was not offered the chance to verify the accuracy of the radar, as is required by Georgia statute before a citation may be issued. (Id. at 3.) Because Plaintiff did not have the statutorily mandated chance to verify the radar's accuracy, the ticket issued is invalid, as is Plaintiff's speeding conviction which resulted in the imposition of twelve months of probation, as well as various fines and fees. (Id. at 3, 4, 8, 13.) Plaintiff's appeal of his conviction is pending at the Court of Appeals of Georgia. (Id. at 4, 9.) Plaintiff not only challenges the validity of the citation underlying his conviction, but also seeks $5,000 in damages. (Id. at 5.)

**B.    Discussion**

**1.    Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Concerning the Validity of His Traffic Ticket Are Barred Under Heck v. Humphrey

Plaintiff maintains he was wrongly issued a ticket and convicted for a traffic violation because the officer who wrote the ticket lied at the trial about satisfaction of the conditions precedent to issuing the speeding citation. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held, "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence"

has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus. Id. at 486-87. The Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487. "In a nutshell, Heck precludes a convicted person from pursuing a civil claim for damages under § 1983 if, because of what the elements of his civil claim require him to prove, a decision in his favor on that claim would necessarily call into question the validity of his criminal conviction." Hall v. Merola, 67 F.4th 1282, 1285 (11th Cir. 2023); see Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983).

Here, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. To the contrary, Plaintiff acknowledges he is in the process of challenging his conviction at the Georgia Court of Appeals. Furthermore, Plaintiff acknowledges any violation of the Georgia statute regarding the opportunity to verify the accuracy of the radar used to clock his speed prior issuing the citation would invalidate the citation and therefore negate his conviction. (Doc. no. 8, p. 4.) Thus, a determination in these proceedings that the issuing officer lied in the underlying state traffic proceedings about providing Plaintiff an opportunity to verify the radar accuracy would necessarily call into question to validity of his conviction.

In sum, as the facts required for Plaintiff to prove his § 1983 case necessarily logically contradict the facts of Plaintiff's traffic violation conviction, his claims are barred under Heck. See Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1193 (11th Cir. 2020).

### 3. The Court Should Abstain Under the Younger Doctrine

In addition, the case should be dismissed because of the abstention doctrine. Plaintiff alleges that he should not have been issued a speeding ticket because the conditions precedent to writing the ticket were not satisfied, *i.e.,* he was not given the opportunity to verify the radar's accuracy. (Doc. no. 8, p. 4.) The decision to adjudicate guilt based on a traffic citation is one that belongs to state authorities, and the question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges."[1] 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).

First, Plaintiff's criminal proceedings are ongoing, as evidenced by the notice of appeal he attached to his amended complaint, as well as publicly available records for the

---

[1] While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (*per curiam*) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

Georgia Court of Appeals.² (Doc. no. 8, p. 9); see also *https://www.gaappeals.us/docket-search*; search "A24A1453" (last visited Aug. 8, 2024). Second, the underlying traffic proceeding "implicates important state interests, namely the conduct of city and state officers and prosecuting offenses conducted within the state." Moore v. Kinsey, Case No. 3:20cv5725, 2020 WL 6785653, at *3 (N.D. Fla. Oct. 12, 2020) (recognizing Younger abstention applies when time for appeal of traffic conviction not yet expired), *adopted by* 2020 WL 6784356, at *1 (N.D. Fla. Nov. 18, 2020). Third, Plaintiff has not established that the state proceeding would fail to provide an adequate remedy for his federal claim. See 31 Foster Children, 329 F.3d at 1279; see also Moore, 2020 WL 6785653, at *3 (recognizing opportunity to raise challenges in direct appeal that plaintiff attempted to raise in federal case). Indeed, Plaintiff confirms he is challenging his conviction via his pending direct appeal at the Georgia Court of Appeals. (Doc. no. 8, p. 9.)

In sum, Plaintiff's criminal proceeding is ongoing, implicates an important state interest, and will provide an adequate opportunity to raise constitutional challenges to his traffic citation. Thus, this Court should abstain from ruling under the Younger doctrine, and this case should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (*per curiam*) (affirming *sua sponte* dismissal due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (*per curiam*) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

---

²The Court may take judicial notice of state court dockets available online. See Paez v. Sec'y, Fla. Dep't of Corrs., 947 F.3d 649, 651 (11th Cir. 2020) (*per curiam*).

    **4.**    **Plaintiff Fails to State a Claim Based on the Failure to Bring Perjury Charges Against Defendant Marcum**

Plaintiff alleges Defendant violated various federal statutes by committing perjury at the trial on Plaintiff's speeding citation. As a private citizen, Plaintiff may not force a criminal prosecution against another. See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (*per curiam*) (same) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973); see also Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted). Indeed, the decision on whether to ultimately prosecute a criminal case would be a matter entirely in the local prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."). Accordingly, Plaintiff fails to state a valid § 1983 claim based on the Defendant's alleged perjury.

**III.**    **Conclusion**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of August, 2024, at Augusta, Georgia.

                                                                                       BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA