```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF GEORGIA
                        AUGUSTA DIVISION
```

CEDRIC ALAN HERBERT,            *
                                *
     Plaintiff,                 *
                                *
     v.                         *     CV 124-093
                                *
MARK MARCUM,                    *
                                *
     Defendant.                 *

_____

O R D E R
_____

Before the Court are Plaintiff's motions for reconsideration. (Docs. 19, 22.) For the following reasons, Plaintiff's motions are **DENIED**.[1]

Plaintiff, proceeding pro se, filed an amended complaint on July 30, 2024, alleging Defendant committed perjury during state court proceedings in which Plaintiff was convicted of a traffic violation. (Doc. 8, at 4.) On August 8, 2024, the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending this case be dismissed without prejudice. (Doc. 12.) The R&R found dismissal proper for three reasons: (1) Heck v. Humphrey, 512 U.S. 477 (1994), barred Plaintiff's claim because a judgment

---

[1] Also pending before the Court are Plaintiff's amended complaint (Doc. 21), second amended complaint (Doc. 23), partial motion to dismiss (Doc. 24), motion for judicial notice (Doc. 25), motion to reopen judgment (Doc. 28), motion to permit video appearance (Doc. 29), motion for status conference (Doc. 35), and motion for constructive default (Doc. 36). Because the Court denies Plaintiff's motions for reconsideration, this case remains closed, and the Clerk **SHALL TERMINATE** Plaintiff's remaining pending motions.

in his favor would necessarily invalidate his underlying traffic violation conviction; (2) the Younger abstention doctrine barred Plaintiff's claim because the claim relates to an ongoing state criminal proceeding that implicates important state interests and would offer an adequate opportunity to raise constitutional challenges to the traffic citation; and (3) Plaintiff failed to state a claim because perjury is a criminal offense, and private individuals cannot force criminal prosecutions against another. (Id. at 4-8.)

On August 19, 2024, Plaintiff filed an objection to the R&R, asserting that the Magistrate Judge misapplied Heck, Younger, and the private citizen doctrine. (Doc. 14, at 1.) On August 30, 2024, after considering Plaintiff's filings, the Court adopted the R&R, overruled Plaintiff's objections, and dismissed the case. (Doc. 17.) Plaintiff then filed a motion for reconsideration on September 4, 2024, and an amended motion for reconsideration on March 3, 2025. (Docs. 19, 22.)

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an

2

appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

3

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Here, Plaintiff's motions specify they are brought under Federal Rules of Civil Procedure 59(e) and 60(b), though he cites the discovery of new evidence, procedural developments, ongoing due process violations, and unclear explanation as to the Court's dismissal as grounds for reconsideration. (Doc. 22, at 1-2; Doc. 19, at 1.) Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007) (citations omitted). Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Children & Fams., 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). In analyzing Plaintiff's motions, the Court finds no matter which Rule is used, the circumstances justifying dismissal remain unchanged.

Plaintiff first argues reconsideration is justified because the Court's August 30, 2024 Order lacks sufficient explanation and

4

the dismissal without prejudice suggests there are possible correctable deficiencies. (Doc. 19 at 1-2.) However, the August 30, 2024 Order explicitly adopted the R&R's reasons for dismissal. (Doc. 17.) Thus, to the extent Plaintiff contends the August 30, 2024 Order granting dismissal lacks sufficient explanation, the Court directs him to the R&R, which lay out in detail the grounds for dismissal. (Doc. 12.) Furthermore, the fact that Plaintiff's case was dismissed without prejudice does not change the fact that Heck and Younger bar his claims and that Plaintiff, as a private citizen, may not force a criminal perjury prosecution against another. (Id. at 4-8.)

Plaintiff also argues reconsideration is warranted due to new evidence and procedural developments. (Doc. 22, at 1.) Specifically, Plaintiff asserts "[n]ew evidence confirms that [Defendant] provided false testimony regarding radar verification procedures." (Id. at 2.) He also details recent procedural developments in his underlying state case that he contends reinforce due process violations. (Id.) But neither the allegedly newly discovered evidence nor the procedural developments alter the Court's determination that Heck bars Plaintiff's claim and that Plaintiff, a private citizen, cannot assert criminal perjury charges against Defendant. (Doc. 12, at 4-6, 8.)

Finally, Plaintiff argues there is no longer any basis for Younger abstention because his state criminal proceeding is no

5

longer ongoing. (Doc. 22, at 2.) But the possibility that Younger does not apply *now* is not grounds for reconsidering the Court's prior finding that Younger abstention applied at the time it dismissed Plaintiff's case. And even if Younger were inapplicable, dismissal would still be proper for the other reasons cited in the R&R. (Doc. 12, at 4-6, 8.) Plaintiff therefore provides nothing to justify the Court reconsidering its prior decision.

For these reasons, Plaintiff's motions for reconsideration (Docs. 19, 22) are **DENIED**, any remaining pending motions **SHALL** be **TERMINATED**, and this case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of August, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA